# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Jerry/Alice Stacy

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 06-33515

## DECISION AND ORDER

This cause comes before the Court on the Debtors' objection to the Claim of Corporation America Family Credit Union, Claim No. 10. At the Hearing held on this matter, the Parties submitted evidence, both testimonial and documentary, for the Court to consider. At the conclusion of the Hearing, the Court took the matter under advisement so as to afford time to give the evidence, as well as the legal issues presented, further consideration. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the Debtors' Objection to the Creditor's claim should be Overruled.

## FACTS

In 2003, the Debtor, Jerry Stacy, purchased an automobile, a 2000 Isuzu Amigo. Financing for the purchase price of the automobile was provided by the Creditor, Corporate America Family Credit, who was listed on the vehicle's certificate of title as the first and only lien holder. (Doc. No. 42, Ex. B). Corporate America Family Credit (hereinafter "CAFC") was also set forth as the assignee of a 'Retail Installment Contract and Security Agreement' signed by both of the Debtors at the time of the vehicle's purchase. (Doc. No. 42, Ex. A). A company by the name of 'Centrix Financial' acted as a serving agent for this loan, and it was to Centrix that the Debtors sent their monthly payments.

In re Jerry/Alice Stacy
Case No. 06-33515

The Debtors subsequently defaulted on their obligation to CAFC. As a result, the 2000 Isuzu was sold at a public auction to satisfy the claim of CAFC. (Doc. No. 42, Ex. D). After the sale of the collateral, a deficiency of $7,382.10 still existed on the Debtors' obligation to CAFC. (Doc. No. 42, Ex. E).

On August 21, 2006, a company by the name of PBC of Maryland, Inc., sent a letter to the Debtor, Mr. Stacy, offering to settle the deficiency. (Doc. No. 42, Ex. 1). In this letter, the addressor, PBC, set forth that it was acting on behalf of Centrix Financial. This letter was the last prepetition correspondence received by Debtors with respect to their obligation for the 2000 Isuzu.

On December 3, 2006, the Debtors, Jerry and Alice Stacy, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). In their schedules, the Debtors listed as a creditor, PBC of Maryland, Inc. The Debtors' schedules further provided that this obligation was incurred in 2006, was for the amount $7,359.05 and that the consideration for the obligation was "Collections for Centrix Financial." The Creditor, CAFC, was not listed in the Debtors' bankruptcy petition.

During the administration of the Debtors' bankruptcy case, notice was sent to those creditors listed in the Debtors' schedules that, pursuant to Bankruptcy Rule 3002(c), the deadline for filing proofs of claims was set for April 18, 2007. The record in this case reflects that this notice was sent to PBC of Maryland, at the address provided by the Debtors, and that no 'returned mail' was received by the Court regarding this notice.

On November 11, 2008, more than a year past the bar date set for filing claims, a proof of claim was filed by Systems & Services Technologies, Inc. This claim, for $7,359.05, listed CAFC as the creditor. The evidence in this regard shows that CAFC had, on July 31, 2008, conferred upon Systems & Service Technologies a power of attorney to, among other things, enforce its liens,

Page 2

In re Jerry/Alice Stacy
Case No. 06-33515

thereby displacing Centrix Financial as a servicing agent for CAFC. It is against this claim which the Debtors have objected, arguing that the claim should be disallowed because it was not timely filed.

## DISCUSSION

Before this Court is the Debtors' objection to the proof of claim filed by the Creditor, Corporation America Family Credit Union, Claim No. 10. A determination concerning an objection to a proof of claim is deemed by 28 U.S.C. § 157(b)(2)(B) to be a "core proceeding." Accordingly, on the Debtors' objection, this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

The determination of claims against the bankruptcy estate is a central function of the bankruptcy court. 28 U.S.C. § 157(b)(2)(B). Claims are normally made against the estate by filing a proof of claim. *In re CBI Holding Co., Inc.*, 529 F.3d 432 (2nd Cir. 2008) (filing a proof of claim against a bankruptcy estate triggers the process of 'allowance and disallowance of claims). In a Chapter 13 case, the filing of a proof a claim is necessary for a creditor to share in the distribution of estate assets. FED.R.BANKR.P. 3002(a) ("An unsecured creditor . . . must file a proof of claim or interest for the claim or interest to be allowed . . .").

For this process, § 502(a) directs that, once a proof of claim is filed, it is "deemed allowed," unless a party in interest objects. If, as here, a party does object to the proof of claim, § 502(b) directs that the court "after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition . . . " Section 502(b) then goes on to provide that the court "shall allow" the claim in the amount determined, except to the extent it falls within one of nine enumerated categories of prohibited claims.

Page 3

In re Jerry/Alice Stacy
Case No. 06-33515

In this matter, the Debtors have raised a single basis for their objection to CAFC's proof of claim: "it was untimely filed." (Doc. No. 30). And as a factual matter, the record in this case establishes that the proof of claim of CAFC was untimely. First, Bankruptcy Rule 3002(c) provides that, in a "chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, . . ." Second, pursuant to this Court's notice, this 90-day deadline expired on April 18, 2007, with the proof of claim from CAFC not being filed until November 11, 2008.

Although not among one of the nine statutory grounds specified in § 502(b) for a claim's disallowance, the Sixth Circuit Court of Appeals has held that in a Chapter 13 bankruptcy case, a creditor's failure to comply with the deadline of Bankruptcy Rule 3002(c) can be fatal to the creditor's proof of claim. *In re Chavis*, 47 F.3d 818 (6th Cir.1995). In *In re Chavis*, the Court explained:

> If late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine, with finality, whether a Chapter 13 plan satisfies this standard. Moreover, because Chapter 13 serves as a flexible vehicle for the repayment of allowed claims, all unsecured creditors seeking payment under a Chapter 13 plan must file their claims on a timely basis so that the efficacy of the plan may be determined in light of the debtor's assets, debts and foreseeable earnings.

*Id.* at 824. However, the disallowance of a creditor's claim, on the basis of an untimely proof of claim, is not automatic.

In *In re Chavis*, the Sixth Circuit expressly acknowledged its earlier holding in *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1091 (6th Cir.1990), in which it held that a priority federal tax claim, which was filed late because the IRS had not been notified and had no knowledge of the debtor's bankruptcy case or of a bar date for filing claims, could not be subordinated to nonpriority unsecured claims. For this decision, the Court in *Cardinal Mine Supply* unequivocally

Page 4

In re Jerry/Alice Stacy
Case No. 06-33515

stated: "Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file [a claim] tardily when the creditor does so promptly after learning of the bankruptcy." *Id.* at 1089. The Court in *Cardinal Mine Supply* also noted that the "failure of the Bankruptcy Rules to provide relief to creditors who receive no notice of a bankruptcy and have no knowledge of it cannot deprive those creditors of their substantive right not to have their property rights taken away without notice. Bankruptcy courts are courts of equity and can provide a remedy when there is a substantive right." *Id.* at 1091.

This recognition, that the time restrictions imposed by the Bankruptcy Rules for filing proofs of claim are subject to a creditor's right of due process, is well ingrained in bankruptcy jurisprudence. *See, e.g., City of New York v. New York, New Haven & Hartford Railroad Company*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (in a bankruptcy proceeding, a reasonable opportunity to be heard must precede a judicial denial of a party's claimed rights). Furthermore, this protection is broad and will even extend to creditors who, although having knowledge of a debtor's pending bankruptcy, have not received particular notice that their claim may be placed in jeopardy. *Id.* In short, debtors cannot take advantage of procedural deadlines – for example, the time limit for filing proofs of claim imposed by Bankruptcy Rule 3002(c) – to deprive a creditor of its due process right of notice. *In re Collier*, 307 B.R. 20, 25 (Bankr. D.Mass. 2004).

It is on due process grounds against which Systems & Services Technologies, as servicing agent for the Creditor, CAFC, defends against the Debtors' objection, arguing that it "was never notified of the pending bankruptcy until after the bar date for proof of claim filings."(Doc. No. 34, ¶ 8). In opposition thereto, the Debtors do not dispute the factual assertion on which this defense is based – that neither Systems & Services Technologies nor CAFC actually received timely notice of the Debtors' bankruptcy filing so as to enable a proof of claim to be timely filed. Instead, the Debtors' argument, that the Creditor received adequate notice, is based upon the precept that a debtor should be entitled to send notice to a creditor at the address provided by the creditor on its most

Page 5

**In re Jerry/Alice Stacy**
**Case No. 06-33515**

recent prepetition correspondence. Accordingly, the Debtors maintain that since their most recent prepetition correspondence regarding their account with CAFC was through a letter sent by PBC of Maryland – whom was acting on behalf of Centrix, who was servicing agent for CAFC – they were entitled to send notice of their bankruptcy to the address provided by PBC.

The argument made by the Debtors is not without some legal basis. It is black-letter law that a principal is chargeable with, and bound by, the knowledge of or notice to an agent received while the agent is acting within the scope of his or her authority and in reference to a matter over which such authority extends. 3 AM. JUR. 2D *Agency* § 273 (2008). Similarly, it is also true that payments made to an obligee's agent discharges the debt if the agent has actual or apparent authority to receive payment, regardless of whether the agent ever pays the money over to the principal. 60 AM. JUR. 2D *Payment* § 60 (2008).

The argument advanced by the Debtors also has a certain practicable appeal. Creditors often sell and assign their accounts to other entities. Thereafter, it is not uncommon for the purchaser or assignee of the account to do the same thing, with the end result being that in many instances it can become difficult for a debtor (or the Court for that matter) to ascertain who owns the account and to where payments on the account should be sent. The Debtors' position simplifies this dilemma by allowing a debtor to send notice to a creditor at the address provided by the creditor in its most recent correspondence.

Notwithstanding, due process concerns must still take precedence. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589, 55 S.Ct. 854, 863, 79 L.Ed. 1593 (1935) (bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment). As properly observed in the case of *Broomall Industries, Inc. v. Data Design Logic Systems, Inc.*, "the decisions of the Supreme Court and other courts had made it clear that Fifth Amendment due process considerations take precedence over the discharge provisions of . . . the Bankruptcy Code, in cases

Page 6

**In re Jerry/Alice Stacy**
**Case No. 06-33515**

where the debtor has knowledge of claims and fails to inform claimants of the pendency of the proceedings."786 F.2d 401, 403 (Fed. Cir. 1986). *See also E.E.O.C. v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 609 (1st Cir. 1995) ("The rights of due process are constitutional and inviolable."). Consequently, whatever the appeal or possible legal theories supporting the Debtors' position, the question before the Court is not one of expediency, but still comes down to one of constitutional due process.

Constitutional due process is afforded when the notice provided by a debtor is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). While actual notice is the goal for any notice, it is not always required. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 1713, 164 L.Ed.2d 415 (2006). Rather, due process is a flexible concept and a determination of what process is due, or what notice is adequate, depends upon the particular circumstances involved. *Bliek v. Palmer*, 102 F.3d 1472, 1475 (8th Cir. 1997).

In this particular circumstance, where the question involves the adequacy of notice provided by a debtor, the guidelines established by the Bankruptcy Rules of procedure are elucidative. *See In re Harig*, 302 B.R. 177, 181 (W.D.Va. 2003) ("due process requires notice of a hearing as provided by the Bankruptcy Rules and Code."). In this way, a fundamental purpose of the Federal Rules of Bankruptcy Procedure is to set forth what process is due in various categories of bankruptcy matters. *In re Repp*, 307 B.R. 144, 150 (B.A.P. 9th Cir. 2004) *overruled on other grounds Espinosa v. United Student Aid Funds, Inc.*, — F.3d —, 2008 WL 5158728 (9th Cir. 2008). It may be said, therefore, that when a debtor sends notice in compliance with the rules of bankruptcy procedure, a strong case will exist that such notice satisfies the due process mandate of notice "reasonably calculated" to apprise a party of their rights. *In re O'Shaughnessy*, 252 B.R. 722, 729-730 (Bankr. N.D.Ill. 2000).

Page 7

In re Jerry/Alice Stacy
Case No. 06-33515

Notice of a debtor's bankruptcy is sent by the clerk to those entities provided by a debtor in his or her bankruptcy petition and schedules. *In re Walters*, 219 B.R. 520, 526 (Bankr. W.D.Ark. 1998). Under Bankruptcy Rule 1007, it is provided that "the debtor shall file with the petition a list containing the name and address of *each* entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." FED.R.BANKR.P. 1007(a)(1) (emphasis added). Unsecured, nonpriority creditors, such as CAFC, are required to be listed on schedule F of the Official Forms. On schedule F, the instructions provide that a debtor must "[s]tate the name, mailing address, including zip code, and last four digits of any account number, of *all* entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition." (emphasis added).

The Debtors' position, that notice is sufficient when a creditor is scheduled according to its most recent prepetition correspondence, cannot be said to comply with the requirements of Bankruptcy Rule 1007 and the Official Forms. As set forth, Bankruptcy Rule 1007 requires that "each" of the debtor's creditors be set forth; similarly, the instructions in schedule F direct that "all" entities holding claims be listed. Clearly, the use of these terms, "each" and "all," cannot be construed as an intent to limit the breadth of entities entitled to receive notice. Instead, the Court takes from these requirements a duty on the part of the debtor to provide notice to any party, including assignors and assignees, who may have an interest in a claim against the estate.

It is a debtor's burden to accurately complete their schedules. *Matter of Springer*, 127 B.R. 702, 707 (Bankr. M.D.Fla.1991). In doing so, debtors are expected to use reasonable diligence in completing their schedules and lists under Bankruptcy Rule 1007. *In re R.E. Lee & Sons, Inc.*, 95 B.R. 316, 318 (Bankr. M.D. Pa. 1989). Resultantly, any ambiguities with regard to information, or lack thereof, in a debtor's schedules or statements of affairs are construed against the debtor as both the drafter of the documents and as the party most familiar with the information. *In re Pickering*, 195 B.R. 759, 762-63 (Bankr. D.Mont. 1996).

Page 8

**In re Jerry/Alice Stacy**
**Case No. 06-33515**

To be sure, a debtor is not required to exhaust every possible avenue of information in order to ascertain a creditor's identity. *Matter of Robertson*, 13 B.R. 726, 732 (Bankr. Va.1981). However, in this matter, documentation should have been readily available to the Debtors which would have identified CAFC as a creditor. Both the 'Retail Installment Contract and Security Agreement' and the certificate of title for the 2000 Isuzu Amigo listed CAFC as the creditor who provided the purchase money for the vehicle. The Debtors, therefore, by using reasonable diligence, could have listed CAFC as a creditor in their bankruptcy petition.

Even this aside, there exists an additional issue. The Debtors, although having sent their monthly payments to Centrix, did not provide in their bankruptcy schedules the address of Centrix. While it remains an open question as to whether Centrix, as servicing agent, would have ultimately notified CAFC of the Debtors' bankruptcy filing, this is not the question before the Court, Rather, the question is simply whether the Debtors used 'reasonable diligence' when attempting to notify CAFC of their bankruptcy. Having failed to provide the address of Centrix in their bankruptcy schedules, when such address was known, the Court must again answer this question in the negative.

Therefore, given these facts, the Court is not persuaded that, insofar as it concerns CAFC, notice of the Debtors' bankruptcy complied with the due process requirement of notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. This should not be taken, however, to imply that the Debtors were not acting in good faith when they utilized the letter sent by PBC of Maryland as the basis for their notice in their bankruptcy schedules. In this regard, it is realized that not all debtors keep detailed records of their financial transactions. However, neither good faith nor inadequate record keeping can operate as a defense against the constitutional requirement of due process.

Page 9

In re Jerry/Alice Stacy
Case No. 06-33515

Consequently, based upon those precedents discussed earlier, the Court must allow the claim of CAFC, notwithstanding that it was filed outside the time limits imposed by both Bankruptcy Rule 3002(c) and the notice sent by the Court. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the objection of the Debtors, Jerry and Alice Stacy, to the Claim of Corporation America Family Credit Union, Claim No. 10, be, and is hereby, OVERRULED.

***IT IS FURTHER ORDERED*** that, pursuant to 11 U.S.C. § 502, Corporation America Family Credit Union shall be allowed a claim against the Debtors' bankruptcy estate in the amount of Seven Thousand Three Hundred Fifty-nine and 05/100 dollars ($7,359.05).

Dated: February 18, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

# *CERTIFICATE OF SERVICE*

Copies were mailed this 18th day of February 2009 to:

John P. Gustafson
316 N. Michigan St. #501
Toledo, OH 43604

Alice M. Stacy
922 Shelby Street
Sandusky, OH 44870

Jerry W. Stacy, Sr.
922 Shelby Street
Sandusky, OH 44870

Amy M. Logan
626 Madison Avenue, Suite 603
Toledo, OH 43604

Systems & Services Technologies, Inc.
P.O. Box 829009
Dallas, Tx 75382

Hilary B Bonial
9441 LBJ Freeway #350
Dallas, TX 75243

Alison Anne Gill
655 Cooper Road
Westerville, OH 43081-8962

                                                   /s/Jennifer S Huff
                                            Deputy Clerk, U.S. Bankruptcy Court